(No. 40249.—

The People of the State of Illinois, Appellee, *vs.* Claude Ray Hinchey, Appellant.

*Opinion filed May 18, 1967.*

Ward, J., took no part.

Richard A. Kerwin, of Chicago, (Singer and Hardman, of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County, Sixth Municipal District, finding defendant, Claude Hinchey, in violation of section 131(a) of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1965, chap. 95½, par. 228(a),) for driving a motor vehicle with a gross weight on the road surface in excess of the maximum allowable under the provisions of the above statute. Those provisions read in pertinent part as follows:

"No vehicle or combination of vehicles equipped with pneumatic tires shall be operated, unladen or with load, upon the highways of this State when the gross weight on the road surface through any axle thereof exceeds 16,000 pounds; provided that upon any street or highway included

in the system of State highways and constructed of concrete, brick on a concrete base or asphalt on a concrete base, which the Department designates as adequate to carry such a maximum gross weight without undue deterioration or which the Department designates as obsolescent and requiring reconstruction, or upon any street in any city, village or incorporated town, the gross weight on the road surface through any axle may exceed 16,000 pounds but shall not exceed 18,000 pounds per axle. * * *

"Any two or more consecutive axles whose centers are more than 40 inches and not more than 72 inches apart, measured to the nearest inch between any two adjacent axles in the series, shall be defined as tandem axles, and the gross weight transmitted to the road surface through such series shall not exceed 32,000 pounds and no axle of the series shall exceed the maximum weight permitted under this Section for a single axle."

The relevant facts underlying this appeal are simple and uncontradicted. On August 25, 1965, defendant, a driver employed by Gregory Heavy Haulers, Inc., an interstate common carrier, was arrested on an overweight violation under section 131(a). The over-weight vehicle was a three-axle lowboy trailer with a tandem-axle tractor hauling an earth-moving scraper and traveling over a "special road" (as defined in the section). It was checked at the weighing scales on U.S. Route No. 30 near Chicago Heights, Illinois, and the weight ticket reflected the weight transmitted through the trailer's tandem axle as 37,080 pounds.

The complaint, stating that the statutory maximum allowable weight transmittable from a tandem axle to the road surface is 32,000 pounds, charged the defendant with an overweight violation of 5,080 pounds (on the trailer's tandem axle) and prayed judgment in the amount of $508 (10 cents per pound overweight). Defendant's motion to dismiss was denied and judgment entered against him in the amount of $508.

On appeal, defendant does not contest the correctness of the weight ticket or that an overweight violation was committed, but he does contest the extent of the overweight violation. Defendant contends that the applicable statute, (Ill. Rev. Stat. 1965, chap. 95½, par. 228(a),) properly interpreted, allows a tandem axle to carry on "special roads" a maximum weight of 36,000 pounds, rather than the 32,000-pound limit recited in the section, and that therefore he is guilty of only a 1,080 pound overweight violation with its corresponding fine of $108. In the alternative, if this interpretation is incorrect, he contends that the section violates due process since it is vague and does not properly apprise those subject to it of the standard of conduct required of them.

Defendant argues that the proviso raising the allowable weight limit on special roads for single axles from 16,000 to 18,000 pounds applies to tandem axles as well, thereby raising the allowable weight limit on special roads for tandem axles from the 32,000 pound limit recited in section 131(a) to 36,000 pounds. Defendant arrives at this latter figure by viewing the 32,000-pound limit proviso within the context of the entire section and the weighing practices of the trucking industry. Initially, defendant, by noting that the language setting forth the 32,000-pound limitation, to-wit: "and the gross weight transmitted to the road surface through such series shall not exceed 32,000 pounds and no axle of the series shall exceed the maximum weight permitted under this Section for a single axle", refers back to the proviso raising the limitation for single axles on special roads from 16,000 to 18,000 pounds, concludes that any individual axle in a tandem series can carry 18,000 pounds on a special road.

Based on this conclusion and his assertion that, as a matter of practical knowledge, individual axles in a tandem cannot be weighed separately, he further concludes that "if any effect is to be given to the reference to the proviso, it

must be that the legislature intended to increase the weight limitation on tandem axles when traversing special roads", and that "if this is not correct, then reference to the special proviso has no purpose, but serves only to confuse the people whom the statute regulates". This confusion is such, defendant asserts, that "men of common intelligence must necessarily guess at its [the statute's] meaning and differ as to its application" and therefore the statute is violative of due process. *Connally* v. *General Construction Co.*, 269 U.S. 385, 70 L. Ed. 322.

We do not agree with defendant's proposed interpretation of section 131(a). That section expressly provides that the "gross weight transmitted to the road surface through such series [of tandem axles] shall not exceed 32,000 pounds * * *." While the language immediately following this express limitation states that the allowable weight on any individual axle in a tandem series shall not exceed that permitted under the proviso for single axles, it does not necessarily follow that the extra 2000-pound allowance for single axles on special roads applies to the individual axles in a tandem series. Or, conceding that this extra 2000-pound allowance for single axles does apply to the individual axles in a tandem series, thereby raising their maximum permissible weight load from 16,000 to 18,000 pounds, it would still not follow that the maximum allowable weight for the tandem series would be increased proportionately or, for that matter, at all.

If the legislature had intended the extra allowance for single axles on special roads to apply to tandem axles as well, it certainly would have used explicit language to do so rather than by reference to the allowable weight for the individual axles in the tandem series. In other words, the legislature would not describe the gross weight allowable for a whole by describing the gross weight allowable for each part thereof. This is especially true herein since the whole, a tandem series, by definition can have two or more

parts, individual axles, thereby rendering the gross weight of the whole, the tandem series, uncertain. This would be in direct conflict with the legislature's clear, express purpose of placing an absolute weight limit on tandem axles. Accordingly, we find that the proviso raising the maximum allowable weight for single axles on special roads does not apply to tandem axles (as distinguished from individual axles in the tandem), and that therefore the latter's maximum weight load cannot, regardless of the character of the road, exceed 32,000 pounds.

In addition, we find that this construction of the section is clear and adequately apprises those subject to it of the standard of conduct required of them; namely, that the maximum allowable weight for tandem axles in all events is 32,000 pounds. And this holding is not changed merely because another construction can, through the legal imagination of counsel, be advanced.

Furthermore, even if, as defendant asserts, axles in a tandem series cannot be weighed separately, this fact does not cause the section to be so vague as to violate due process. Admittedly, it would make the language limiting the allowable weight of individual axles in a tandem series extraneous, but would still leave clear and readily understandable the main purpose of the section, that of limiting the gross weight allowable for tandem axles to 32,000 pounds.

Since we find that the trial court correctly and constitutionally applied the statute, the judgment of that court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.